**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| CATHERINE SPOON, | ) | |
| *on behalf of herself and* | ) | Civil Action No.: 1:26-cv-00069 |
| *others similarly situated*, | ) | |
| | ) | Class Action Complaint |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| NVA FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Nature of this Action**

1.      Catherine Spoon ("Plaintiff") brings this class action against NVA Financial Services, LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and alleges as follows:

2.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3.      This case involves a campaign by Defendant to market its services through the use of pre-recorded calls in violation of the TCPA.

4.      The recipients of Defendant's illegal calls, which include Plaintiff and the

proposed Class, are entitled to damages under the TCPA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

### Jurisdiction and Venue

5.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

6.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as defendant is headquartered in this District and the calls were made to Plaintiff from this District.

### Parties

7.      Plaintiff is a natural person who at all relevant times resided in Dallas, Texas.

8.      Defendant is a limited liability company headquartered in this District.

### Factual Allegations

9.      Plaintiff is, and since October 2025 the regular and sole user of her cellular telephone number— (214) XXX-4254.

10.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.      Defendant is a financial services business.

12.      Plaintiff's cellular telephone number, (214) XXX-4254, is a non-commercial telephone number.

13.      The number is a residential telephone line because it is assigned to a residential cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

2

14.     Plaintiff uses the number for personal use only as one would use a landline telephone number in a home.

15.     Plaintiff uses his cellular telephone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

16.     Plaintiff pays for her cell phone plan herself and is not reimbursed by a business.

17.     Plaintiff's cellular telephone number has never been associated with a business.

18.     Plaintiff has never used her cellular telephone number in any business or marketing materials.

19.     Plaintiff acquired her telephone number in October 2025.

20.     On December 12, 2025, Plaintiff received a call from Defendant at (855) 955-2130.

21.     Defendant left an artificial or prerecorded voicemail.

22.     The voicemail stated the following:

> We've made it to another Friday but thankfully the week is almost over. I'm James from the American Mortgage Assistance Center. If you're behind on your mortgage, even a single payment, you need to address it before things spiral. These timelines escalate faster than most people expect. We help homeowners in this exact situation every day. Call us at (516) 778-5014 and we'll do our best to see if we can assist. If you'd prefer not to receive these calls just let us know and we'll update our records.

23.     Plaintiff called back the number Defendant left on the voicemail, (516) 778-5014, and it went to Defendant's business.

24.     The voicemail left for Plaintiff was prerecorded because it sounded like a robot and not a live person.

25.     The speech sounded artificial in its tone, inflection, pausing, and wording.

26.     The purpose of the voicemail was to advertise or market Defendant's business.

3

27.     The call was intended for someone other than the Plaintiff.

28.     Plaintiff did not give Defendant prior express consent or permission to deliver or cause to be delivered, advertisement or marketing text messages or prerecorded voicemails to telephone number (214) XXX-5254.

29.     Plaintiff does not have an account with the Defendant.

30.     Plaintiff is not a customer of the Defendant.

31.     The call was unwanted.

32.     Defendant placed the subject call voluntarily and under its own free will.

33.     Plaintiff and other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

34.     Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

### Class Action Allegations

35.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36.     Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

37.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but did not provide their phone number to the Defendant and do not have an account with the Defendant, (3) in connection with which Defendant used an artificial or

prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification

38.     Excluded from the Class is counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

40.     This Class Action Complaint seeks injunctive relief and money damages.

41.     The Class as defined above, is identifiable through Defendant's dialer records, other phone records, and phone number databases.

42.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

43.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

44.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

46.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

     a) Defendant's violations of the TCPA;

5

b)  Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

c)  Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

d)  Defendant's use of an artificial or prerecorded voice; and

e)  The availability of statutory penalties.

47.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

48.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

49.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

50.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

51.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Class)**

6

52.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 51.

53.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

54.     Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

55.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.     Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B.     That the Court enter a judgment awarding Plaintiffs and all class members statutory damages for each violation of the TCPA;

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

D.     Such other relief as the Court deems just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: January 9, 2026                PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ William Robinson*
William Robinson
VSB:76098
4067 South Four Mile Run Drive, #302,
Arlington VA. 22204,
ph. 703-789-4800
wprlegal@gmail.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com