**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

CATHERINE SPOON,
*on behalf of herself and
others similarly situated*,

      Plaintiff,

v.                                      Civil Action No. 1:26-cv-69

NVA FINANCIAL SERVICES, LLC,

      Defendant.

**ANSWER**

Defendant NVA Financial Services, LLC ("Defendant"), by counsel, answers the Complaint filed by Catherine Spoon, on behalf of herself and others similarly situated ("Plaintiff"), as follows:

**Nature of this Action**

1.      Defendant admits that Plaintiff has filed this lawsuit for alleged violations of the Telephone Consumer Protection Act ("TCPA"). The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the remaining allegations contained in this paragraph are denied.

2.      Paragraph 2 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are denied.

3.      Paragraph 3 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are denied.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are denied.

## Jurisdiction and Venue

5. Paragraph 5 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are denied.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are denied.

## Parties

7. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

8. Admitted.

## Factual Allegations

9. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent this legal conclusion is deemed to be an allegation of fact, the allegations contained in this paragraph are denied.

11. Admitted.

12. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

2

13. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

14. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

15. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

16. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

17. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

18. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

19. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

20. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

21. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

22. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

23. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

24. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

25. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

26. Denied.

27. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

28. Defendant admits that Plaintiff did not provide prior express consent to receive advertisement or marketing text messages or prerecorded voicemails. The remaining allegations in this paragraph are denied.

29. Admitted.

30. Admitted.

31. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

32. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

33. Denied.

34. Denied.

**Class Action Allegations**

35. Defendant incorporates and restates its responses to paragraphs 1-34 as if fully stated herein.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are hereby denied.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are hereby denied.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are hereby denied.

39. Denied.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are hereby denied. Specifically, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are hereby denied.

42. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

43. Denied.

44. Denied.

45. Denied.

46. Defendant denies the allegations in paragraph 46 and its subparts (a-e).

47.   Paragraph 47 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are hereby denied.

48.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

49.   Paragraph 49 states legal conclusions to which no response is required. To the extent these legal conclusions are deemed to be allegations of fact, the allegations contained in this paragraph are hereby denied.

50.   Denied.

51.   Defendant lacks sufficient information to admit or deny the allegations in this paragraph and, therefore, denies the same.

### Count I – Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Robocall Class)

52.   Defendant incorporates and restates its responses to paragraphs 1-51 as if fully stated herein.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Defendant denies any allegations in the Complaint that are not expressly admitted above.

### Prayer for Relief

Defendant denies that Plaintiff is entitled to any relief sought against Defendant in the Complaint, including the relief requested under each subsection of the Prayer for Relief. Defendant further denies any liability to Plaintiff in any amount.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim against Defendant is barred because Plaintiff has suffered no monetary damages or losses as a result of the alleged conduct. To the extent Plaintiff can establish a TCPA violation occurred, she is entitled to recover only $500 in statutory damages per violation.

2. Plaintiff cannot establish that Defendant committed a willful or knowing violation of the TCPA.

3. Assuming the call at issue in the Complaint occurred, Defendant had prior express consent to call the phone number in question.

4. Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

5. Plaintiff's claim against Defendant is barred under the doctrine of good faith reliance because Defendant reasonably relied on consent provided by the owner of the telephone number or a third party and ceased communications upon discovering that consent was invalid.

6. Plaintiff's claim, as well as unknown claims held by potential members of the Class as defined in the Class definition in the Complaint, is time-barred under the TCPA's statute of limitations.

7. Plaintiff was not the intended recipient of the alleged call at issue in the Complaint. If the call occurred, it was intended for a third party whom Defendant believed was the user of the telephone number.

8. Defendant alleges that its actions, conduct, and dealings were lawful, authorized by applicable state and federal statutes, rules, and regulations, and were carried out in good faith and for legitimate business purposes.

9. Plaintiff's Complaint is barred because she cannot satisfy all requirements for maintaining a class action under Federal Rule of Civil Procedure 23.

10. Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, Defendant asserts the defenses set forth herein against each and every member of the class.

11. Defendant denies that it is indebted to Plaintiff for any reason or in any amount.

12. Defendant reserves the right to assert and rely upon additional separate defenses that become available or apparent through discovery, development of the case, or otherwise. Defendant expressly reserves the right to amend its Answer to the Complaint to assert all such separate defenses.

WHEREFORE, Defendant NVA Financial Services, LLC respectfully requests that the Complaint be dismissed with prejudice and that it be awarded any other relief this Court deems just and proper.

Respectfully submitted,

**NVA FINANCIAL SERVICES, LLC**

By: ___/s/_____
William D. Prince IV (VSB No. 77209)
Daniel-Lester S. Edwards (VSB No. 99337)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wprince@t-mlaw.com
dledwards@t-mlaw.com
*Counsel for Defendant NVA Financial Services, LLC*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April, 2026, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to counsel of record.

Anthony I. Paronich, Esq. (Mass. No. 678437)
*Admitted Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617)-485-0018
Fax: (508)-318-8100
anthony@paronichlaw.com

William Peter Robinson, III (VSB No. 76098)
1934 Old Gallows Road, Suite 350K
Vienna, Virginia 22181
Telephone: (703)-789-4800
william@robinsonslaw.com

*Counsel for Plaintiff*

By: ___/s/_____
William D. Prince IV (VSB No. 77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wprince@t-mlaw.com
*Counsel for Defendant NVA Financial Services, LLC*

9