**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

CATHERINE SPOON,
*on behalf of herself and
others similarly situated*,

        Plaintiff,

v.                                                                      Civil Action No. 1:26-cv-69

NVA FINANCIAL SERVICES, LLC,

        Defendant.

**MEMORANDUM IN SUPPORT OF DEFENSE COUNSEL'S
MOTION TO WITHDRAW AS COUNSEL**

Counsel for Defendant NVA Financial Services, LLC, pursuant to Local Civil Rule 83.1(H), moves this Court for leave to withdraw their appearance as counsel of record for Defendant NVA Financial, LLC ("Defendant"). The Motion seeks entry of an order authorizing William D. Prince, IV, Esq., Daniel-Lester S. Edwards, Esq., and the law firm of *Thompson*McMullan, P.C. (collectively, "Withdrawing Counsel"), to withdraw their appearance as counsel for Defendant. For the reasons set forth below, the Court should grant the Motion to Withdraw.

**Factual Summary**

On March 11, 2026, Defendant engaged Withdrawing Counsel to serve as its counsel in this matter. On April 15, 2026, Withdrawing Counsel filed an Answer (ECF No. 10) on behalf of Defendant, approximately one week before the filing of this Motion to Withdraw.

On April 16, 2026, the Court entered its Scheduling Order (ECF No. 10), setting the initial pretrial conference for May 13, 2026, at 11:00 a.m. That same day, Plaintiff's counsel served written discovery, including interrogatories, document requests, and requests for admission, and a

Rule 30(b)(6) deposition notice on Defendant. Defendant's responses to Plaintiff's written discovery requests are not due until May 18, 2026.

After filing its responsive pleading, Defendant discharged Withdrawing Counsel as its counsel in this case and has authorized the filing of this Motion to Withdraw. Defendant has requested that Withdrawing Counsel withdraw their representation in this case.

Importantly, Defendant does not object to Withdrawing Counsel's withdrawal from this case and has endorsed this Motion and the proposed order granting it and permitting Withdrawing Counsel to withdraw their appearance.

As of the filing of this motion, the initial pretrial conference is set for May 13, 2026, giving Defendant plenty of time to secure new counsel. Pursuant to the Court's Scheduling Order entered less than a week ago, the Final Pretrial Conference is scheduled for August 20, 2026, at 2:00 p.m.

In accordance with Local Civil Rule 83.1(H), reasonable notice has been given to Defendant of this Motion and of Withdrawing Counsel's intent to withdraw their appearance in this case.

Lastly, Defendant has endorsed this Motion and the enclosed order permitting Withdrawing Counsel to withdraw their appearance as Defendant's counsel in this case.

The Plaintiff has indicated that she intends to oppose the Motion to Withdraw.

## **Legal Standard**

Eastern District of Virginia Local Civil Rule 83.1(H) states that:

(H) **Withdrawal of Appearance:** No attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared.

Local Civil Rule 83.1(H).

This EDVA local rule further states that:

2

(J) **Professional Ethics:** The ethical standards relating to the practice of law in civil cases in this Court shall be Section II of Part Six of the Rules of the Virginia Supreme Court as it may be amended or superseded from time to time.

Local Civil Rule 83.1(J).

<u>**Argument**</u>

**A. The Conditions for Withdrawal are Satisfied under the Virginia Rules of Professional Conduct.**

Based on the facts stated above and Defendant's endorsement of the Motion to Withdraw and proposed order, withdrawal at this point is appropriate in this case. Under Local Civil Rule 83.1(J), this court applies Section II of Part Six of the Rules of the Virginia Supreme Court, which contains the Virginia Rules of Professional Conduct. *See Portsmouth Redevelopment & Hous. Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 782 (E.D. Va. 1994) (stating that under the EDVA's local rules, "the court applies the rules in the Virginia Code of Professional Conduct as the first step in deciding whether [counsel] may be given leave to withdraw"). Pursuant to Rule 1.16(a) of Va. Sup. Ct. R.:

> [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> > (1)  the representation will result in violation of the Rules of Professional Conduct or other law;
> >
> > (2)  the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
> >
> > (3)  **the lawyer is discharged**.

Va. Sup. Ct. R. 1.16(a) (emphasis added). Furthermore, pursuant to Rule 1.16(b),

> [A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or unjust;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

Va. Sup. Ct. R. 1.16(b); *see also BMI Apartments Assocs.*, 851 F. Supp. at 782 (outlining the above standard as codified also in the Virginia Code of Professional Conduct).

Here, Defendant has discharged Withdrawing Counsel from their role as defense counsel in this case. Defendant has terminated the representation and, pursuant to Va. Sup. Ct. R. 1.16(a)(3), continuing to represent Defendant in this case would violate the Virginia Rules of Professional Conduct. Defendant has authorized the withdrawal, as evidenced by the managing member's endorsement on the Motion to Withdraw and the proposed order attached thereto. Accordingly, the conditions for withdrawal set forth in the local rules and the Virginia Rules of Professional Conduct are satisfied, and granting leave of court for Withdrawing Counsel to withdraw from the case at this early stage is appropriate.

**B. Leave to Withdraw is Appropriate Under the Local Rules Because Reasonable Notice has been Given to Defendant.**

Furthermore, leave to withdraw is appropriate under these circumstances because reasonable notice of the withdrawal was provided to Defendant, as evidenced by Defendant's endorsement of the Motion to Withdraw and proposed order attached thereto.

Under Local Civil Rule 83.1(H) of this District, "[n]o attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record,

except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared." Importantly, Defendant's managing member signed the Motion to Withdraw and the proposed order authorizing Withdrawing Counsel to withdraw from the case. As indicated on the certificate of service, Defendant will also receive electronic copies of the Motion to Withdraw, the proposed order, and this supporting memorandum. Therefore, leave to withdraw is appropriate under the local rules, because reasonable notice was given to the Defendant.

### C.  Withdrawal Will Not Impede the Administration of Justice.

Finally, withdrawal at this early stage will not interfere with the administration of justice. The Motion to Withdraw is timely, having been filed approximately one week after Defendant's Answer was filed with the Court. The Court entered a Scheduling Order six days ago, and the trial is not imminent. Pursuant to the Court's recently entered Scheduling Order, discovery in this case will not close until August 14, 2026 – approximately four months away. Defendant's responses to Plaintiff's discovery requests are not due until May 18, 2026, which is ample time for Defendant to secure new counsel. This is the first request for attorney withdrawal in this matter, so it is not a case involving repeated changes in counsel. Accordingly, withdrawal in this instance is timely and will not substantially affect the administration of justice in this case.

Defendant will not suffer any prejudice from the withdrawal. As stated above, Defendant requested that Withdrawing Counsel withdraw from the case and terminated the representation. Defendant's managing member has endorsed the Motion to Withdraw and the proposed order attached thereto.

Plaintiff's apparent opposition to withdrawal likely stems from a perception that this will cause delay. However, Defendant has decided to discharge its counsel from representing it in this case, and requiring counsel to continue representation would put Withdrawing Counsel in violation

of the Virginia Rules of Professional Conduct. See Va. Sup. Ct. R. 1.16(a)(3) (requiring a Virginia lawyer to withdraw from a representation that has commenced if "the lawyer is discharged"). Under Rule 1.16(a)(3), counsel <u>must</u> withdraw if a client discharges them and terminates the representation.

This Motion to Withdraw is filed exactly one week after Defendant's Answer was filed with the Court. There is ample time in this case for Plaintiff to litigate her claims and conduct discovery. There is no reason for Plaintiff to demand that Withdrawing Counsel remain in the case after being discharged by their client. Accordingly, withdrawal is appropriate.

Even if the Defendant had not discharged Withdrawing Counsel from representing it in this case, attorneys may withdraw from a representation under certain circumstances, including if the representation imposes an unreasonable financial burden or becomes unreasonably difficult on the lawyer, or if other good cause for withdrawal exists. *See* Va. Sup. Ct. R. 1.16(b)(5)-(6). Here, it would impose an unreasonable burden on Withdrawing Counsel to remain in this case after being discharged by the client, without the ability to communicate effectively with the client and, most likely, without being paid.

<u>**Conclusion**</u>

For the reasons set forth herein, the Court should grant the Motion to Withdraw and enter an order authorizing Withdrawing Counsel to withdraw their appearance in this case.

<u>**Certification of Attempt to Meet and Confer Pursuant to Local Civil Rule 7(E)**</u>

Withdrawing Counsel hereby certifies that he made a good-faith effort to meet and confer with Plaintiff's counsel to narrow the area of disagreement. After conferring with Plaintiff's counsel, Plaintiff intends to oppose our request for leave to withdraw.

Respectfully submitted,

**THOMPSON MCMULLAN, P.C.**

By:    /s/
William D. Prince IV (VSB No. 77209)
Daniel-Lester S. Edwards (VSB No. 99337)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wprince@t-mlaw.com
dledwards@t-mlaw.com
*Withdrawing Counsel for Defendant NVA Financial Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Anthony I. Paronich, Esq. (Mass. No. 678437) *(Admitted Pro Hac Vice)*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617)-485-0018
Fax: (508)-318-8100
anthony@paronichlaw.com

William Peter Robinson, III (VSB No. 76098)
1934 Old Gallows Road, Suite 350K
Vienna, Virginia 22181
Telephone: (703)-789-4800
william@robinsonslaw.com

*Counsel for Plaintiff*

I further certify that on this 22nd day of April, 2026, I sent a copy of the foregoing to the Defendant via email:

**NVA Financial Services, LLC**
Steven Nahas, Managing Member
Email: sjnahas@aol.com

By: ___/s/_____
William D. Prince IV (VSB No. 77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wprince@t-mlaw.com
*Withdrawing Counsel for Defendant NVA Financial Services, LLC*

8