**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| CATHERINE SPOON, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> NVA FINANCIAL SERVICES, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 26-cv-69 <br><br> Class Action Complaint <br><br> Jury Trial Demanded |

**PLAINTIFF'S OPPOSITION TO**
**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Plaintiff, Catherine Spoon ("Ms. Spoon"), respectfully opposes the Motion to Withdraw as Counsel filed by *ThompsonMcMullan*, P.C. ("Defense Counsel") for Defendant NVA Financial Services, LLC.

As a threshold matter, Plaintiff has separately moved to continue the hearing on Defendant's Motion to Withdraw currently noticed for May 1, 2026. The presently scheduled hearing date falls on a date when Plaintiff's counsel is unavailable due to an unavoidable international travel conflict. Plaintiff has requested a brief continuance so that the Motion to Withdraw may be fully briefed and heard in coordination with the Court's Rule 16 proceedings. Accordingly, the Court should consider this Opposition in conjunction with Plaintiff's Motion to Continue and defer ruling on the Motion to Withdraw until full briefing and a properly scheduled hearing.

Under Local Civil Rule 83.1(H), withdrawal requires leave of Court. Courts in this District consider not only the Virginia Rules of Professional Conduct, but also whether withdrawal would delay the proceedings, prejudice other parties, or otherwise interfere with the administration of

justice.

Defense counsel's motion downplays a critical fact: Plaintiff has already served written discovery and a Rule 30(b)(6) notice, and Defendant's responses are imminently due.

This is not a case in which withdrawal is sought before meaningful litigation activity has occurred. To the contrary, Plaintiff served interrogatories, requests for production, requests for admission, and a Rule 30(b)(6) deposition notice immediately following entry of the Scheduling Order, and Defendant's responses to those requests are due shortly.

Permitting counsel to withdraw at this juncture would leave Defendant—an entity that cannot proceed pro se—effectively unable to respond to pending discovery. That result would inevitably cause delay, require motion practice, and impose avoidable prejudice on Plaintiff.

The record reflects a clear sequence of events. Defendant initiated settlement discussions and requested to confer regarding potential resolution. Plaintiff responded that any meaningful resolution would require production of key records, including call data identifying putative class members. Plaintiff then served discovery designed to obtain that information. Immediately thereafter, Defendant discharged its counsel and moved to withdraw.

This sequence strongly suggests that Defendant is attempting to evade its discovery obligations by creating a gap in representation. That is precisely the type of prejudice courts seek to prevent. A party should not be permitted to derail discovery by terminating counsel immediately after being served with requests it would prefer not to answer.

However, to be clear, Ms. Spoon does not oppose the Motion if NVA Financial intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. Here, even assuming NVA Financial counsel can show good cause, withdrawal should be denied or strictly conditioned because it will materially prejudice that has occurred due to NVA Financial

2

agreeing to a deposition date, abandoning that date in order to schedule a new date (then not doing so), and the fact that they have not indicated that they intend to retain new counsel. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice to third parties--who might have more to lose than the unpaid lawyer--is another potential ground for denying a motion to withdraw." *Id.* Here, the outstanding discovery is directly a result of NVA Financial's rescheduling request and the Plaintiff should not be prejudiced just because NVA Financial has apparently not responded to Defense counsel.

If NVA Financial does not intend to engage new counsel and defend the case, NVA Financial would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.").

A default judgment, and lack of participation in this matter, may afford NVA Financial a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data about the calling conduct are the key evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission

3

summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").  If current counsel withdraws and is not replaced and NVA Financial defaults and refuses to provide any call records or data (or identify any third parties having such relevant information), Ms. Spoon will be prejudiced by her inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by NVA Financial.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-

01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Ms. Spoon and the members of the putative class.

The prejudice to Plaintiff is not hypothetical. It is already occurring — and it stems directly from Defendant's repeated inability to meet basic discovery and deposition obligations while simultaneously signaling potential withdrawal and lack of cooperation.

Thus, even if the Court is inclined to grant the Motion, Plaintiff respectfully requests that withdrawal be conditioned upon the appearance of substitute counsel, or, at minimum, that any withdrawal not become effective unless and until Defendant (1) retains substitute counsel and (2) serves full responses to Plaintiff's outstanding discovery requests.

## Conclusion

For these reasons, Plaintiff respectfully requests that the Court deny the Motion to Withdraw. In the alternative, Plaintiff requests that any withdrawal be conditioned on Defendant retaining substitute counsel within a fixed and short period and on Defendant providing full and timely responses to Plaintiff's outstanding discovery requests.

Dated: April 29, 2026          Respectfully submitted,

|  | *Catherine Spoon*, *on behalf of herself and others similarly situated* <br><br> By:    */s/ William P. Robinson* <br> William P. Robinson <br> Virginia State Bar No. 76098 <br> 319 N. Piedmont St., #1 <br> Arlington Virginia 22203 <br> Telephone: (703) 789-4800 <br> wprlegal@gmail.com |
| --- | --- |

|  | Anthony I. Paronich (admitted *Pro Hac Vice)*<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>Telephone: (508) 221-1510<br>anthony@paronichlaw.com |
|---|---|

6