**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

CATHERINE SPOON,
*on behalf of herself and*
*others similarly situated*,

        Plaintiff,

v.                                         Civil Action No. 1:26-cv-69

NVA FINANCIAL SERVICES, LLC,

        Defendant.

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT COUNSEL'S MOTION TO WITHDRAW

Counsel for defendant NVA Financial Services, LLC ("Withdrawing Counsel") hereby replies to Plaintiff's Opposition to Defendant Counsel's Motion to Withdraw:

Plaintiff is wrong to argue that permitting Withdrawing Counsel to withdraw from this case at this early stage will prejudice Plaintiff. The procedural status of the case is important. Defendant NVA Financial, LLC ("Defendant") filed an answer in this case on April 15, 2026, and the Court issued a Scheduling Order on April 16, 2026. On the same day the Court entered its Scheduling Order, Plaintiff served written discovery on Defendant, along with a Rule 30(b)(6) deposition notice. On April 22, 2026, Withdrawing Counsel filed their Motion to Withdraw, six (6) days after the Court entered its Scheduling Order and Plaintiff served discovery. Thus, exactly one (1) week has passed from the filing of Defendant's Answer to the filing of this Motion to Withdraw.

The initial pretrial conference has not yet occurred, and Defendant's responses to Plaintiff's written discovery are not due until May 18, 2026, approximately three weeks from the date of this filing.

Withdrawing Counsel has not engaged in any meaningful litigation on Defendant's behalf beyond filing an answer. After Defendant discharged Withdrawing Counsel, Withdrawing Counsel timely moved to withdraw from this case. The Motion to Withdraw was filed one week after Defendant filed its Answer and six days after the Court issued its Scheduling Order. Importantly, Defendant has consented to the withdrawal, as evidenced by its managing member's endorsement of the Motion to Withdraw (see Defendant's signature on the last page) and the proposed order granting leave to withdraw. Defendant not only consented to the withdrawal, but in fact terminated Withdrawing Counsel. As stated in the Motion to Withdraw, Withdrawing Counsel cannot remain in this case due to its ethical and professional responsibilities mandated by the Virginia Rules of Professional Conduct.

The grounds for withdrawal are clear: Defendant discharged Withdrawing Counsel from representing it in this case. Keeping Withdrawing Counsel in this case does not ensure that Defendant will provide full and timely responses to Plaintiff's discovery requests, nor does it ensure that Defendant will retain substitute counsel. Both actions are solely within Defendant's control, not Withdrawing Counsel's, especially given Defendant's termination of Withdrawing Counsel's representation.

Nor will keeping Withdrawing Counsel in the case against their will, and more importantly, the Defendant's will, ensure that Plaintiff receives the class-certification discovery she seeks. Again, that discovery must be obtained from the Defendant, who no longer wants Withdrawing Counsel to represent them in this case.

In short, Withdrawing Counsel's continued presence in the case will be fruitless and provide no benefit to Plaintiff or the putative class. Conditioning withdrawal on Defendant retaining substitute counsel and providing a timely response to Plaintiff's discovery requests will

accomplish nothing, because Withdrawing Counsel has no control over whether Defendant performs either action.

WHEREFORE, Withdrawing Counsel requests that the Motion to Withdraw be granted and that leave of Court be granted for Withdrawing Counsel to withdraw their appearance in this case.

Respectfully submitted,

**THOMPSON MCMULLAN, P.C.**

By: ____/s/_____
William D. Prince IV (VSB No. 77209)
Daniel-Lester S. Edwards (VSB No. 99337)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wprince@t-mlaw.com
dledwards@t-mlaw.com
*Withdrawing Counsel for Defendant NVA Financial Services, LLC*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of April, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Anthony I. Paronich, Esq. (Mass. No. 678437) *(Admitted Pro Hac Vice)*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617)-485-0018
Fax: (508)-318-8100
anthony@paronichlaw.com

William Peter Robinson, III (VSB No. 76098)
1934 Old Gallows Road, Suite 350K
Vienna, Virginia 22181
Telephone: (703)-789-4800
william@robinsonslaw.com

*Counsel for Plaintiff*

I further certify that on this 29th day of April, 2026, I sent a copy of the foregoing to the Defendant via email:

**NVA Financial Services, LLC**
Steven Nahas, Managing Member
Email: sjnahas@aol.com

By: ___/s/_____
William D. Prince IV (VSB No. 77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wprince@t-mlaw.com
*Withdrawing Counsel for Defendant NVA Financial Services, LLC*

4